IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN WARAICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-4069 |
| | § | |
| NATIONAL AUSTRALIA BANK LTD., and | § | |
| INTERNATIONAL CAPITAL MARKETS | § | |
| PTY. LTD., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In October 2018, Sean Waraich, representing himself, sued International Capital Markets Propriety Limited and National Australia Bank Limited. Waraich alleged that International Capital Markets—an Australia company that brokers transactions on the spot foreign-exchange, or forex, market through an online trading platform—misrepresented that it was registered as a "swap dealer" with the United States Commodity Futures Trading Commission. 7 U.S.C. § 6s. He alleged that International Capital Markets asked its clients, including United States residents, to transfer the funds they intended to trade on the foreign-exchange market to an account maintained by National Australia Bank. Waraich alleged that he transferred about $120,000 to the account, which he used and lost in transactions on the foreign-exchange market. He alleged that International Capital Markets's "solicitation and acceptance of his business was improper because its representations that it was a 'qualified forex dealer entity in complete extended compliance with U.S. federal regulations' were 'merely fabrications, misleading and manipulative statements solely intended to target and lure U.S. traders.'" (Docket Entry No. 15 at 10 (quoting Docket Entry No. 1 at 3)).

National Australia Bank moved to dismiss for lack of personal jurisdiction, and the court

granted that motion, finding that Waraich had not made out a *prima facie* case for personal jurisdiction over National Australia Bank. (Docket Entry Nos. 14, 21). The court dismissed the action, without prejudice. (Docket Entry No. 22).

Waraich has requested entry of default against International Capital Markets, alleging that International Capital Markets was properly served but has not answered, moved for dismissal, or requested more time to do so. (Docket Entry No. 23 at 1–2). He also appears to challenge the court's finding that he failed to identify or submit evidence supporting a *prima facie* case for personal jurisdiction over National Australia Bank. (*Id.* at 5–8).

To the extent that Waraich has challenged National Australia Bank's dismissal, Waraich has not identified newly discovered evidence or any other grounds for relief. Waraich's motion reiterates arguments that the court has already considered and found unpersuasive. (Docket Entry No. 23 at 6–8; Docket Entry No. 21 at 9–12). Waraich has not identified a basis for the court to set aside the dismissal of National Australia Bank for lack of personal jurisdiction. *See Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) ("[A] movant is required 'to show extraordinary circumstances' justifying the reopening of a final judgment." (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005))). Waraich's request for relief from the Order of Dismissal is denied. The court separately vacates the Order of Dismissal, and enters an amended order reopening the case and specifying that National Australia Bank, but not International Capital Markets, has been dismissed.

Waraich's request for entry of default raises the question whether International Capital Markets has been properly served. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted). The Fifth Circuit has explained:

> An entry of default is what the clerk enters when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*Id.* (emphasis omitted). The court must enter default when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Either the clerk or the court may enter default. *Pipe Wrap LLC v. P3 Indus. Techs., Inc.*, No. H-08-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009).

Before default can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at * 3 (W.D. Tex. July 5, 2018); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).[1]

International Capital Markets has its headquarters and principal place of business in Sydney, Australia. (Docket Entry No. 23 at 1). Because International Capital Markets is located outside the United States, Waraich must effect service under Federal Rule of Civil Procedure 4(f). That Rule describes the ways that a plaintiff may serve a foreign defendant. The plaintiff is able to execute

---

[1] *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."); *Henderson v. United States*, 517 U.S. 654, 672 (1996) ("The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."); *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

service "by any internationally agreed means of service that is reasonably calculated to give notice," and "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1), (3); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–16 (9th Cir. 2002). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," Rule 4(f) authorizes service through methods "reasonably calculated" to give notice:

> (A) as prescribed by the foreign country's laws for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

FED. R. CIV. P. 4(f)(2)(A)–(C).

The United States and Australia are parties to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. The Convention is an international treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Id.* at 705; *cf.* 113 CONG. REC. 9664–65 (1967) (the Senate has ratified the Convention).

4

Waraich must serve International Capital Markets in compliance with the Convention, or seek authorization from the court to use "other means." FED. R. CIV. P. 4(f)(1), (3). Waraich attempted to serve International Capital Markets by mailing the summons and complaint to an address in Sydney, Australia, "Attn: Andrew Budzinski." (Docket Entry No. 12 at 1). As evidence of service, Waraich submitted a receipt stating that his parcel was "Delivered" and "*Signed by IC*" on November 22, 2018, at 12:13 p.m. (*Id.* at 2 (emphasis in original)). Because Waraich did not request to serve International Capital Markets by mail, the court must examine whether the Convention authorizes service by mail.

The Convention "requires each state to establish a central authority to receive requests for service of documents from other countries.'" *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017) (quoting *Schlunk*, 486 U.S. at 698). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, . . . and then provide a certificate of service." *Id.* The Convention approves alternative service methods, including service by diplomatic or consular agents and any method that the relevant states have agreed on. *Id.* "[I]n cases governed by the Hague Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

Australia "does not object to service by postal channels, where it is permitted in the jurisdiction in which the process is to be served." Hague Conference on Private International Law, Status Table, Australia Declarations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1062&disp=resdn. Sydney is in the state of New South Wales, which has rules specifying permissible service methods. *Uniform Civil Procedure Rules 2005* (NSW) Regs. 10.5,

10.20–.22 (Austl.). Those rules do not appear to authorize or allow service through mail, and Waraich has not identified or submitted authorities showing that they do. *See, e.g.*, *Shull v. Univ. of Queensland*, 18-CV-1781, 2018 WL 6834327, at *4 (C.D. Cal. Dec. 28, 2018) ("Shull has not provided a memorandum of points and authorities addressing whether service by mail is affirmatively authorized in the Australian jurisdiction where defendants are located."); *Hazim*, 2013 WL 2152109, at *3 ("Hazim has not stated what method he used to serve the United Kingdom defendants or explained why that method is permissible under relevant American, British, and international law."). Based on the current record, the court cannot conclude that Australia authorizes service by mail in New South Wales.

Nor does Rule 4(f) authorize Waraich to serve International Corporation by mail. "Any affirmative authorization of service by international mail, and any requirements as to how that service is to be accomplished, must come from the law of the forum in which the suit is filed." *In re LLS Am., LLC*, No. 12-CV-422, 2017 WL 3013260, at *2 (E.D. Wash. July 14, 2017) (quoting *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004)); *see Water Splash*, 137 S. Ct. at 1513 (citing *Brockmeyer*, 383 F.3d at 803–04); *Moore v. Toyota Motor Corp.*, No. 17-1379, 2017 WL 5257050, at *2 (E.D. La. Nov. 13, 2017). Rule 4(f) governs foreign service for defendants sued in federal court. *See Wyndham Hotel Grp. Can., ULC v. 683079 Ont. Ltd.*, No. 17-4000, 2018 WL 2078704, at *5 (D.N.J. May 4, 2018); *Shull*, 2018 WL 6834327, at *2; *Moore*, 2017 WL 5257050, at *2. Waraich has not complied with the service methods in Rule 4(f), and he did not request to serve International Capital Markets through "other means." FED. R. CIV. P. 4(f)(3); *cf. Reflex Media, Inc. v. Apiriliaco Ltd.*, 745 F. App'x 14, 15 (9th Cir. 2018) ("Federal Rule of Civil Procedure 4(f)(2)(A) does 'not authorize service of process by ordinary first class international mail.'" (quoting

6

*Brockmeyer*, 383 F.3d at 806–08)). Waraich did not have authorization from the Convention, Rule 4(f), or this court to serve International Capital Markets by mail.

In addition, Waraich has not identified or submitted evidence showing that International Capital Markets has an office at the address where he mailed the summons and complaint, or that the person he named, Andrew Budzinski, is a registered agent or officer of International Capital Markets. (*See* Docket Entry No. 12 at 1). Waraich has not identified a basis for this court to conclude that International Capital Markets has adequate notice of this lawsuit. *See, e.g.*, *James Avery*, 2018 WL 4688778, at *8 ("Plaintiff's email was sent to a 'General Manager' in Mascot's e-commerce store, and there is no indication that the General Manager has contact with Mascot's top executives, legal department or outside attorneys."); *Moller-Maersk v. Safewater Lines*, H-13-1726, 2017 WL 416296, at *3 n.6 (S.D. Tex. Jan. 31, 2017) ("[N]ot only was the service improper, . . . there is no record of whether the package was finally delivered to Parab, and no record whether M. Manisha is an officer or director of the company authorised to receive service on it.").

The court finds that default cannot be entered because Waraich has not provided the court with a basis to conclude that he properly served International Capital Markets. About a month after Waraich filed his complaint, he did make a timely attempt at service. *See* FED. R. CIV. P. 4(m); *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012) ("Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano*, 693 F.3d at 489 (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005))). Because Waraich made a prompt attempt at service, he may attempt to serve International Capital Markets again, but he must do so through means authorized under the

7

Convention, or an alternative method in Rule 4(f).

Waraich's motions for relief from the January 2019 Order of Dismissal and for entry of default are denied. (Docket Entry No. 23). The court's January 2019 Order of Dismissal is vacated. A revised Order of Dismissal is separately entered, specifying that only National Australia Bank has been dismissed. No later than **May 1**, **2019**, Waraich must move for entry of default, alternative service, or additional time to complete service as to International Capital Markets Proprietary Limited, providing legal authority and evidence to support his motion.

SIGNED on February 28, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge